NOT DESIGNATED FOR PUBLICATION

No. 125,687

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANCISCO V. ROBLES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Submitted without oral argument. Opinion filed November 17, 2023. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Michael Archer*, legal intern, *Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., GARDNER and CLINE, JJ.

PER CURIAM: In December 2021, the State charged Francisco V. Robles with a misdemeanor offense for violating a protective order. The district court held a hearing in February 2022 to decide this case and to determine sentencing in two other cases. Robles pleaded guilty to the misdemeanor offense, and the district court sentenced him to one year in jail but granted him probation for one year.

In April 2022, the State filed a probation violation warrant, alleging that police arrested Robles for committing new crimes, including arson and possession of drug

1

paraphernalia. The State also charged Robles with three felony offenses in a separate case, and Robles pleaded guilty to those charges in May.

The district court held a hearing in July 2022 to consider the State's violation warrant and to sentence Robles in his new felony case. It found Robles had 30 previous convictions and committed 3 new felonies while on probation. The district court also found that Robles' criminal history spanned more than 22 years and included various offenses including drug, property damage, and violent crimes. Based on these findings, particularly the commission of new felony offenses, the district court revoked Robles' probation and imposed his original sentence.

Robles timely appeals the district court's revocation decision, arguing that the court erred by not first imposing an intermediate sanction.

*General Legal Principles*

Once a defendant receives probation, the defendant has a liberty interest in remaining on probation and may have it revoked only if the defendant violates the conditions of probation. *State v. Hurley*, 303 Kan. 575, 581, 363 P.3d 1095 (2016). Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 2021 Supp. 22-3716(b) and (c) (requiring graduated sanctions before revocation at times). A judicial action constitutes an abuse of discretion if: (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Robles bears the burden of proving his claimed abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

*No Abuse of Discretion Shown*

Robles argues that the district court based its decision to revoke on an error of law because it did not impose intermediate sanctions and did not reference any statute which would allow it to bypass them. The State correctly contends that K.S.A. 2021 Supp. 22-3716(b)(3)(B) governs this issue and does not require intermediate sanctions.

Robles erroneously relies on K.S.A. 2021 Supp. 22-3716(c) in arguing that the district court's decision was legally flawed. Yet that subsection mandates intermediate sanctions only when the original crime of conviction is a felony. And it provides an exception, permitting revocation without an intermediate sanction if the probationer commits a new crime while on probation, as Robles did here. See K.S.A. 2021 Supp. 22-3716(c)(7)(C). But because Robles' original crime of conviction was a misdemeanor, K.S.A. 2021 Supp. 22-3716(b)(3)(B) applies. Under that statute, once a probation violation is established, the district court generally has discretion to continue or modify probation, impose a jail sanction, or revoke probation and require the defendant to serve their sentence. *State v. Hunter*, No. 117,304, 2017 WL 6062922, at \*2 (Kan. App. 2017) (unpublished opinion). No intermediate sanction was necessary. The district court thus acted according to the authority provided under the applicable statute when it revoked Robles' probation without first imposing intermediate sanctions.

Robles does not challenge the district court's decision for any other reason. Thus, finding no legal error, we affirm.

Affirmed.